IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**MARLO E. BREDING**,                                         Civil Case No. 08-6348-KI

                    Plaintiff,

                                                              OPINION AND ORDER

          vs.

**COMMISSIONER SOCIAL SECURITY**
**ADMINISTRATION,**

                    Defendant.


          Robert A. Baron
          Kathryn Tassinari
          Harder Wells Baron & Manning, PC
          474 Willamette Street, Suite 200
          Eugene, Oregon  97401

                    Attorneys for Plaintiff

          Dwight C. Holton
          United States Attorney
          District of Oregon


Page 1 - OPINION AND ORDER

Adrian L. Brown
Britannia I. Hobbs
U.S. Attorney's Office
1000 SW Third Avenue, Suite 600
Portland , Oregon  97204

David J. Burdett
Michael S. Howard
Willy M. Le
Social Security Administration
701 Fifth Avenue
Suite 2900 M/S 901
Seattle , Washington  98104-7075

       Attorneys for Defendant


KING, Judge:

Plaintiff Marlo Breding brought an action pursuant to section 405(g) of the Social

Security Act (the "Act") to obtain judicial review of a final decision of the Commissioner

denying his application for disability insurance benefits ("DIB").  On December 12, 2009, I

reversed and remanded for an award of benefits.  Before the court is Breding's attorney Kathryn

Tassinari's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) of the Act.  For the reasons

set forth below, I grant the motion, in part, but reduce the attorney fees to 15 percent of the past-

due benefits.

## FACTS

In February of 2010, following issuance of this court's opinion, the Social Security

Administration ("SSA") sent Breding a letter stating that his past due benefits were $88,476, and

that he will receive $1,509 each month prospectively.  Of the past due amount, the SSA withheld

25 percent, or $22,119, which represents the maximum percentage of past due benefits an

Page 2 - OPINION AND ORDER

attorney may recover under a Social Security fee agreement.  The Social Security Fee Agreement

entered into between Breding and his attorney reads, in relevant part,

> My attorney and I agree that my attorney's fee for Federal Court work shall be
> such amount that my attorney is able to obtain under the Equal Access to Justice
> Act (EAJA) or up to 25% of my past due benefits as determined by my attorney
> pursuant to 42 U.S.C. Section 406(b).

 Mem. Supp. Mot. Attorney Fees Ex. B at 1.

The attorney in this case, Tassinari, spent 20.85 hours of time on the federal portion of

this case.  Id. Ex. C at 2.  Her legal assistant spent 26.8 hours on the case, including more than

17.8 hours drafting a summary of evidence.  Based on the above hours, on February 26, 2010, I

ordered that Tassinari be awarded $5,525 in EAJA fees.

Tassinari now seeks to recover the maximum statutory amount allowable, $22,119, from

her client's past due benefits, less the EAJA fees already paid.

## DISCUSSION

"Under 42 U.S.C. § 406(b)[1], a court entering judgment in favor of an SSDI claimant who

was represented by an attorney may determine and allow as part of its judgment a reasonable fee

for such representation, not in excess of 25 percent of the total of the past-due benefits to which

the claimant is entitled by reason of such judgment."  Crawford v. Astrue, 586 F.3d 1142, 1147

---

[1] 42 U.S.C. § 406(b)(1)(A) reads, "Whenever a court renders a judgment favorable to a
claimant under this subchapter who was represented before the court by an attorney, the court
may determine and allow as part of its judgment a reasonable fee for such representation, not in
excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by
reason of such judgment, and the Commissioner of Social Security may, notwithstanding the
provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the
amount of such fee for payment to such attorney out of, and not in addition to, the amount of
such past-due benefits. In case of any such judgment, no other fee may be payable or certified for
payment for such representation except as provided in this paragraph."

(9th Cir. 2009).  The Supreme Court has held that the appropriate methodology for evaluating

§ 406(b) contingent fee requests involves a two-step process.  Gisbrecht v. Barnhart, 535 U.S.

789, 808 (2002).  District courts must "look[] first to the contingent-fee agreement, then test[] it

for reasonableness."  Id.

I.        The Fee Agreement

        The Supreme Court instructed lower courts to examine the fee agreement first because it,

and not a lodestar calculation, is the appropriate starting point for determinations of

reasonableness.  Gisbrecht, 535 U.S. at 806-7.  District courts must inquire whether the amount

set forth in the fee agreement needs to be reduced because the amount is unreasonable.

Crawford, 586 F.3d at 1149.

        Here, the agreement provides for either EAJA fees "or up to 25% of my past due benefits

as determined by my attorney pursuant to 42 U.S.C. Section 406(b)."  I am concerned that the

language of the agreement does not explain to the claimant the source of EAJA fees or provide

criteria for determining what percentage of past due benefits the attorney will ultimately request.

Nevertheless, neither the lack of explanation in the fee agreement nor the upward limit of 25

percent make the agreement unreasonable *per se*.  I turn, therefore, to whether the 25 percent fee

request is reasonable given the facts of this case.

II.       Reasonableness

         Due to the SSA's lack of direct interest in how an award is apportioned between an

attorney and her disabled client, "the district court has an affirmative duty to assure that the

reasonableness of the fee is established."  Crawford, 586 F.3d at 1149.  "The attorney bears the

burden of establishing that the fee sought is reasonable."  Id. at 1148.  The Commissioner failed

Page 4 - OPINION AND ORDER

to object to the fee request at issue here.  Therefore, it is my duty to consider whether the fee is reasonable.

In considering what is reasonable, the court may consider the character of the representation and "the results the representative achieved."  Gisbrecht, 535 U.S. at 808.  A court may find that a fee is unreasonable and reduce it if (1) the attorney provided substandard representation, (2) the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or (3) "if the benefits are large in comparison to the amount of time counsel spent on the case."  Id.

In Crawford, three Social Security claimants entered fee agreements granting their attorneys a fee of 25 percent in the event they prevailed.  586 F.3d at 1150.  One attorney spent 19.5 hours and obtained $123,891.20 in past-due benefits.  Id. at 1145.  A second attorney spent 17.45 hours of his time and obtained $76,041 in past-due benefits.  Id.  The third attorney spent 26.9 hours of her time and obtained $172,223 in past-due benefits.  Id. at 1146.  The attorneys in those cases "themselves suggested that the full 25% fee provided for by their fee agreements would be unreasonable . . . [and] sought fees ranging from 13.94% to 16.95% of the benefits awarded, a substantial reduction from the amounts for which the contracts provided."  Id. at 1150 n.8.  The Ninth Circuit Court of Appeals held that "the requested fees, which were significantly lower than the fees bargained for in the contingent-fee agreements, were not excessively large in relation to the benefits achieved."  Id. at 1151.

Here, like the attorneys in Crawford, Tassinari spent about 20 hours on the case.[2]  The

past due benefits, at $88,476, were also within the lower end of the range awarded in Crawford.

But unlike the attorneys in Crawford, who recognized their low hours spent on the case meant

that between 13 and 17 percent would be reasonable, Tassinari seeks 25 percent–the maximum

amount allowed by law.  Considering that the court's decision to award benefits was only loosely

based on counsel's arguments, I find Tassinari's request that I depart from the precedent set forth

in Crawford to be unreasonable.  She requests a fee that is excessively large in relation to the

time spent on the case and the benefits achieved.

### CONCLUSION

Accordingly, Tassinari's Motion for Attorney Fees (#23) is granted, in part.  I award

Tassinari 15 percent, or $13,271.40, of the past-due benefits, less the amount already awarded in

EAJA fees.

IT IS SO ORDERED.

Dated this _____8th_____ day of April, 2010.


        ___/s/ Garr M. King_____
        Garr M. King
        United States District Judge

---

[2] I do not consider the time Tassinari's legal assistant spent on the case because the Supreme Court's assessment of reasonableness in Gisbrecht is limited to whether "the benefits are large in comparison to the amount of time *counsel* spent on the case."  Gisbrecht, 535 U.S. at 808 (emphasis added).

Page 6 - OPINION AND ORDER